IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| CASSANDRA LOVE, | (,) |
| --- | --- |
| Plaintiff, | (,) |
| vs. | (,) No. 1:13-cv-1088 |
| KONSBERG AUTOMOTIVE | (,) |
| Defendant. | (,) |

## REPORT AND RECOMMENDATION DISMISSING CASE OF PLAINTIFF CASSANDRA LOVE

Before the Court is the *Pro se* Complaint by Plaintiff Cassandra Love. On March 11, 2013, Plaintiff, a resident of Milan, Tennessee, filed a Complaint against her employer Kongsberg Automotive. (D.E. 1.) An Order was entered granting her leave to proceed *in forma pauperis* on March 18, 2013. (D.E. 3.) On April 4, 2013, this case was referred to the Magistrate Judge for determination and all other pretrial matters for Report and Recommendation. (D.E. 4.) For the reasons set forth below, the Magistrate Judge recommends that the Complaint be dismissed.

## **RELEVANT BACKGROUND**

Plaintiff alleges in her Complaint that the following discriminatory acts and conduct occurred approximately August 2012 to September 2012. Plaintiff reported to her Production Manager that Plaintiff's supervisor, Donna Clark, was treating her unfair. However, Donna Clark and Plaintiff's Production Manager are friends, so, after the Production Manager did not take action, Plaintiff went to the HR Manager. Plaintiff stated she was treated differently than

1

other employees to the HR Manager. Plaintiff asked to be moved to another department and the HR Manager told Plaintiff he did not think it would be a problem to move her. The HR Manager had to check with the Production Manager first, though. The Production Manager refused to move Plaintiff because he said that Plaintiff knew her current department too well. A week and a half later, Plaintiff was demoted from Team Leader and replaced by a person with less seniority. Plaintiff believes she was retaliated against for reporting Donna Clark because Plaintiff was just told she did a great job in her department. Plaintiff filed charges with the EEOC in October 2012 and was given a Notice of Right to Sue in December 2012 after the EEOC determined "[b]ased upon its investigation, the EEOC is unable to conclude that the information obtained establishes any violations of the statutes . . ."

## STANDARD OF REVIEW

In assessing whether the Complaint in this case states a federal claim on which relief may be granted, the Court applies the standards under Federal Rule of Civil Procedure 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider [s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681) (alteration in original). "[Pleadings that . . . are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to

see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

## ANALYSIS

In *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), the Supreme Court established a framework for evaluating evidence in discrimination cases where, as here, the plaintiff has no direct evidence of discrimination. That process has been summarized as follows:

> First, the plaintiff has the burden of proving by the preponderance of the evidence a prima facie case of discrimination. Second, if the plaintiff succeeds in proving the prima facie case, the burden shifts to the defendant "to articulate some legitimate nondiscriminatory reasons for the employee's rejection." Third, should the defendant carry this burden, the plaintiff must then have an opportunity to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination.

*Texas Dep't of Comm. Affairs v. Burdine*, 450 U.S. 248, 252-53 (1981) (citation omitted). This standard is used for disparate treatment and retaliation claims under laws proscribing employment discrimination, including Title VII and the ADEA. *See, e.g., Harris v. Metropolitan Gov't of Nashville & Davidson Cnty.*, 594 F.3d 476, 484-85 (6th Cir. 2010); *Hunter v. Secretary of U.S. Army*, 565 F.3d 986, 995-96 (6th Cir. 2009); *Martin v. Toledo Cardiology Consultants, Inc.*, 548 F.3d 405, 411 (6th Cir. 2008); *Policastro v. Northwest Airlines, Inc.*, 297 F.3d 535, 538 (6th Cir. 2002). "The ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff." *Burdine*, 450 U.S. at 253. To establish a prima facie case of discrimination, Plaintiff must show that (1) she is a member of a protected group; (2) she was subject to an adverse employment action; (3) he was otherwise qualified for the position; and (4) she was replaced by someone outside the protected class or, in the alternative, that she was treated differently than similarly situated non-protected employees. *Upshaw v. Ford Motor Co.*, 576 F.3d 576, 584-85 (6th Cir. 2009); *Russell*

3

*v. University of Toledo*, 537 F.3d 596, 604 (6th Cir. 2008); *Wright v. Murray Guard, Inc.*, 455 F.3d 702, 707 (6th Cir. 2006). Title VII of the 1964 Civil Rights Act prohibits discrimination based on sex, race, color, religion, and national origin, in all terms, conditions, and privileges of employment. 42 U.S.C.A. § 2000e-2(a)(1). The ADEA prohibits an employer from discriminating "against any individual with respect to his terms of compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). An amendment to Title VII, the Pregnancy Discrimination Act of 1978, 42 U.S.C. § 2000e(k), prohibits employment discrimination against a person because she is pregnant or has child/pregnancy-related medical issues. *Tysinger*, 463 F.3d at 572 (citing *Kocak v. Cmty. Health Partners of Ohio, Inc.*, 400 F.3d466, 471-72 (6th Cir. 2005). Here, Plaintiff does not allege that she is a member of protected group to meet the first requirement of establishing a prima facie case of discrimination. Plaintiff merely uses the term "discrimination" in her Complaint, without tying the term to any area of discrimination such as sex, race, color, religion, national origin, age, or pregnancy. Thus, the Magistrate Judge respectfully recommends the claim of discrimination be DISMISSED.

Plaintiff also asserts a claim of retaliation. Under 42 U.S.C. § 2000e-3(a), "[i]t shall be an unlawful employment practice for an employer to discriminate against any of his employees . . . because [the employee] has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." The elements of a Title VII retaliation claim are:

> (1) [the plaintiff] engaged in activity protected by Title VII; (2) the defendant knew of her exercise of her protected rights; (3) the defendant subsequently took an adverse employment action against the plaintiff or subjected the plaintiff to

4

severe or pervasive retaliatory harassment; and (4) there was a causal connection between the plaintiff's protected activity and the adverse employment action.

*Barrett v. Whirlpool Corp.*, 556 F.3d 502, 516 (6th Cir. 2009); *see also Hunter v. Secretary of U.S. Army*, 565 F.3d 986, 995-96 (6th Cir. 2009). Regarding the definition of "protected activity," Title VII provides, in pertinent part:

> It shall be an unlawful employment practice for an employer to discriminate against any of his employees.. because [the employee] has opposed any practice made an unlawful employment practice by this subchapter, or because [s]he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

42 U.S.C. § 2000e-3(a), quoted in *DiCarlo v. Potter*, 358 F.3d 408, 420 (6th Cir. 2004). Protected activities include opposing an act of discrimination made unlawful by Title VII. *See Hunt v. Nebraska Public Power Dist.*, 282 F.3d 1021, 1028 (8th Cir. 2002). Opposition includes informal or formal complaints about an employer's act that the employee reasonably believes to be in violation of Title VII. *Jeseritz v. Potter*, 282 F.3d 542, 548 (8th Cir. 2002). Here, Plaintiff does not meet the first element of establishing a prima facie case of retaliation. According to Plaintiff's Complaint, she reported to two members of management merely that she was being treated "unfair," that Donna Clark had a "personal problem" with Plaintiff, and how Donna doesn't "like" her. Plaintiff never alleges that she told any member of management that Donna was discriminating against her in any sense or that she reported any violation of Title VII. Thus, Plaintiff did not engage in activity protected by Title VII.

Plaintiff has failed in her statement of claim to show that she is entitled to relief in this Federal Court. Therefore, the Magistrate Judge recommends that this Complaint be DISMISSED for failure to state a claim on which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court must also consider whether Plaintiff should be allowed to appeal this decision *in forma pauperis*, should she seek to do so. The United States Court of Appeals for the Sixth Circuit requires that all district courts in the circuit determine, in all cases where the appellant seeks to proceed *in forma pauperis*, whether the appeal would be frivolous. Twenty-eight U.S.C. § 1915(a)(3) provides that "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The test under 28 U.S.C. § 1915(a) for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. *Id.* It would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the defendants, but has sufficient merit to support an appeal *in forma pauperis*. *See Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith. It is therefore CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Plaintiff would not be taken in good faith and Plaintiff may not proceed on appeal *in forma pauperis*. Leave to proceed on appeal *in forma pauperis* is, therefore, DENIED.[2]

If Plaintiff files a notice of appeal, she must also pay the full $455 appellate filing fee or file a motion to proceed in *forma pauperis* and supporting affidavit in the United States Court of Appeals for the Sixth Circuit within thirty (30) days.

---

[2] If Plaintiff files a notice of appeal, he must also pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the United States Court of Appeals for the Sixth Circuit within thirty (30) days.

**Respectfully Submitted,**

**s/Edward G. Bryant**
EDWARD G. BRYANT
UNITED STATES MAGISTRATE JUDGE

**Date:** July 16, 2013