IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

CASSANDRA LOVE,

    Plaintiff,

v.                                                    No. 13-1088

KONGSBERG AUTOMOTIVE,

    Defendant.

---

ORDER ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE FOR
*SUA SPONTE* DISMISSAL,
CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
AND
NOTICE OF APPELLATE FILING FEE

---

        This lawsuit was brought by the *pro se* Plaintiff, Cassandra Love, on March 11, 2013, alleging employment discrimination and retaliation. The matter was referred to the United States Magistrate Judge, who recommended on July 16, 2013, that the complaint be dismissed for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2). (D.E. 5.) No objection to the magistrate judge's report and recommendation has been filed, and the time for such objection has expired.

        The Court has carefully reviewed the report and recommendation and the relevant materials in the file and finds the recommendation correct in all respects. Accordingly, the report and recommendation for *sua sponte* dismissal is ADOPTED as the order of the Court and this case is hereby DISMISSED.

        The Court must also consider whether Plaintiff should be allowed to appeal this decision *in forma pauperis*, should she seek to do so. Pursuant to the Federal Rules of Appellate Procedure, a

nonprisoner desiring to proceed on appeal *in forma pauperis* must obtain pauper status under Fed. R. App. P. 24(a). *See* Callihan v. Schneider, 178 F.3d 800, 803–04 (6th Cir. 1999). Rule 24(a)(3) provides that if a party was permitted to proceed *in forma pauperis* in the district court, she may also proceed on appeal *in forma pauperis* without further authorization unless the district court "certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed *in forma pauperis*." If the district court denies pauper status, the party may file a motion to proceed *in forma pauperis* in the Court of Appeals. Fed. R.App. P. 24(a)(4)-(5).

The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445, 82 S. Ct. 917, 921, 8 L. Ed. 2d 21 (1962). The test for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. Id. It would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the defendants, but has sufficient merit to support an appeal *in forma pauperis*. *See* Williams v. Kullman, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith.

It is CERTIFIED, pursuant to Fed. R.App. P. 24(a), that any appeal in this matter by Plaintiff is not taken in good faith. Leave to proceed on appeal *in forma pauperis* is, therefore, DENIED. Accordingly, if Plaintiff files a notice of appeal, she must also pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty days.[1]

---

[1] Pursuant to Fed. R. App. P. 3(a), any notice of appeal should be filed in this Court. A motion to appeal *in forma pauperis* then should be filed directly in the United States Court of Appeals for the Sixth Circuit. Unless she is specifically instructed to do so, Plaintiff should not

2

IT IS SO ORDERED this 23rd day of October, 2013.

                                                s/ J. DANIEL BREEN
                                                CHIEF UNITED STATES DISTRICT JUDGE

---

send to this Court copies of motions intended for filing in the Sixth Circuit.